FRANK HOREN, Plaintiff, Appellant, *v.* CHATHAM AND PHENIX NATIONAL BANK OF THE CITY OF NEW YORK, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1924.

Banks and banking — action against defendant bank to recover check in sum of $246.25 — claim by defendant that its paying teller gave plaintiff $2,460.25 in error — plaintiff returned $2,060.25 to bank immediately upon discovering error — evidence insufficient to sustain defendant's counterclaim for difference between amount of check and sum which defendant claims plaintiff failed to return — counterclaim dismissed.

In an action against the defendant bank to recover $246.25, the amount of a check, the defendant's counterclaim, for the difference between the amount of the check and the sum which the defendant claims the plaintiff failed to return to it, will be dismissed and judgment awarded to plaintiff for the amount of the check where it appears that to the defendant's claim that its paying teller gave the plaintiff $2,460.25 on presentation of his check for $246.25, the plaintiff answered that immediately on discovering the error he returned all the money amounting to $2,060.25 to the defendant; and that there was nothing to show that the teller, who erred in paying the check, could not be mistaken as to the amount testified to on the trial; the evidence, as a matter of law, is insufficient to sustain the counterclaim.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, dismissing his complaint and awarding judgment in favor of the defendant on its counterclaim in the sum of $171.47.

*Seinfeld & Leiman (Jacob Leiman,* of counsel), for the appellant.

*Kaye, McDavitt & Scholer (Harold L. Fierman,* of counsel), for the respondent.

LEVY, J. This is a somewhat unusual case. The facts are as follows:

Plaintiff received a check in the sum of $246.25 from one Grolle drawn by him on the Chatham and Phenix National Bank. Thereupon the plaintiff presented the check at said bank and requested that it be cashed. Upon the paying teller's inquiry, " How do you want to have it? " plaintiff replied, " $100 bills." Plaintiff was under the impression that the teller had counted 100, 200 then 20 and another 20 and then put the money into his pocket without counting it. When he arrived home he gave this money to his wife who also did not count it. That afternoon Mr. Grolle, the maker of the check, telephoned plaintiff to inquire if he had cashed the check and the amount he had received, informing the latter that the teller of the bank had telephoned him (Grolle) that he had given the plaintiff $2,460.25 instead of $246.25. Plaintiff immediately requested the money from his wife and upon counting it discovered that there were two $1,000, two $20 and two $10 bills. He promptly took the money to the bank where he returned the same, the amount being $2,060.25. Plaintiff was then accused of withholding $400. He was detained a considerable time and told to return the next day, which he did. He was not repaid his $246.25 and instituted this action to recover that sum upon the check thus given him by Grolle. In its answer the bank set up a counterclaim and recovered judgment thereon for the difference between the amount of the check and the sum which defendant claimed plaintiff failed to return to the bank, or the sum approximately of $175.

At the trial defendant's paying teller testified that he had given the plaintiff the sum of $2,460.25. This, of course, plaintiff denied, vigorously urging that all he had received was $2,060.25. It stands to reason that one who could have blundered so gravely, in the first instance, as this paying teller, might well be in error as to this. By its judgment the trial court practically wrote this plaintiff down as unconscionable. Indeed, it seems to us that far more reliable and convincing proof than that elicited was necessary to support this rather severe finding. Moreover, the very fact that the plaintiff without any hesitancy brought back to the bank something over $2,000, raises even greater doubt as to the wisdom of the judgment. If he were the impostor the decision would seem to make him, certainly he would not have been content with but

$400, of which $246.25 concededly is his, when he could have illicitly retained more than $2,000.   More than mere property is involved in this litigation.   The character of this plaintiff is assailed and besmirched and we believe without provocation.   The evidence is as matter of law insufficient to sustain the counterclaim, which, therefore, should be dismissed, and as the plaintiff's claim is admitted, the judgment should be reversed.

Judgment reversed, with $30 costs, and judgment awarded the plaintiff for $246.25, with interest and costs, and dismissing the counterclaim on the merits.

BIJUR and MULLAN, JJ., concur.

Judgment reversed and counterclaim dismissed.